CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY v. ALBERT H. ANDERSON.

FILED DECEMBER 21, 1904.    No. 13,681.

1. **Statute: TITLE.** The title, "An act to fix a maximum standard of freight charges on railroads, and to prevent unjust discrimination therein, or secret rates, rebates or drawbacks therefor," contains only one subject.

2. **Carriers: FREIGHT RATES: VALIDITY.** A statute forbidding railroad companies to charge for transportation for any specific distance a greater sum than they charge for carriage over a greater distance is within legislative discretion and is valid.

ERROR to the district court for Kearney county: ED L. ADAMS, JUDGE. *Affirmed.*

*J. W. Deweese* and *Frank E. Bishop,* for plaintiff in error.

*M. D. King, contra.*

AMES, C.

The defendant operates a line of railroad extending from Curtis, in this state, eastward through Axtell to Minden. In the winter there are ice-fields at Curtis, from which people both at Axtell and Minden may be supplied, but at the latter place alone is there competition with another railroad. In order to meet such competition, so that Curtis ice will be purchased for consumption at Minden, it became necessary to transport it between the two last named points during the winter of 1902 for a freight

charge of three cents a hundred pounds, which the defendant did continuously in the months of January and February in that year. During the same months the company transported ice from Curtis to Axtell for the defendant in error, Anderson, for which service it demanded and received compensation at the rate of four cents a hundred pounds. The difference in distance is 10 miles in favor, of course, of Axtell. This action was brought by Anderson to recover the difference of one cent a hundred pounds between the charge made against him and the rate in force at the same time between Curtis and Minden. There was a judgment for the plaintiff in a justice's court, and afterwards on appeal in the district court, and the defendant below prosecutes error. The facts as above recited are not in dispute.

Article V, chapter 72, Compiled Statutes, 1903 (Annotated Statutes, 10008), is an act entitled "An act to fix a maximum standard of freight charges on railroads, and to prevent unjust discrimination therein, or secret rates, rebates or drawbacks therefor." Approved February 28, 1881. Laws, 1881, ch. 68. Section 2 of that act is as follows:

"No railroad company in this state shall hereafter charge, collect or receive for the transportation of any merchandise or other property upon the railroad owned or operated by such company within the state a higher rate for such service than was charged by such company for the same or like service on the first day of November, A. D. 1880, as shown by the published rates of such company. And no railroad company shall demand, charge, collect or receive for such transportation for any specific distance, 'a greater sum than it demands, charges, collects or receives for a greater distance."

It is contended that this section, if not the whole act, is void because of duplicity of subjects in the title. In support of this contention it is argued that the subject of fixing a "maximum standard of freight charges upon railroads" is separate and distinct from that of preventing

unjust discrimination, and secret rates, rebates and draw-backs therein and there for. We are unable to agree with this view, because, as it seems to us, the prevention of all these latter mentioned practices is essential to the fixity, that is, maintenance, of any standard whatever. There are indeed standards of conduct in plenty, variation from which is permitted and even contemplated, but they cannot properly be called "fixed standards" in the sense of being settled, firm, immovable, in which sense it seems to us evident that the legislature used the qualifying word in this instance. A standard of freight rates from which transportation companies should be permitted to depart at will, generally or specially, openly or secretly, could hardly be regarded as a real or true standard in any sense. Counsel for plantiff in error admit, in argument, that the subjects are so nearly related in nature that they might properly have been united in the title to one bill or act, but they say that the syntactical arrangement of the title in this instance is such as to divide them into two or more distinct classes. If this were true, we should think that the line or lines of discrimination would need to be very clearly and obviously drawn, so as to be apparent without careful scrutiny, in order to defeat an act of the legislature of the validity of which every reasonable presumption is to be indulged. A very slight transposition and reconstruction of the sentence suffices, as we understand counsel, to meet their own requirements. Omit the disjunctive "or" and the adverbs "therein" and "therefor," whose auxiliary offices are requisite only for definiteness of expression, and transfer the words "of freight charges on railroads" to the end of the sentence, and the singleness of subject becomes evident. The title will then read: "An act to fix a maximum standard and to prevent unjust discrimination, secret rates, rebates or drawbacks of freight charges on railroads." Surely an important legislative enactment ought not to be annulled for so slight an error, if it is an error, of syntax.

We do not feel called upon to enter upon the inquiry

whether the discrimination complained of in this instance was just or unjust, considered solely in the light of the circumstances in which it was made. It is said in some of the decisions that the justice or injustice of freight rates is a judicial rather than a legislative question, and in the connection in which this utterance has been made we do not know that it is open to criticism; but it is not to be overlooked that legislative, executive and judicial functions merge in each other by imperceptible degrees, so that it is often impossible to distinguish clearly between them, and that the exercise of discretion and judgment by the legislature is indispensable to the framing and enactment of any statute. So long as they keep within their, province, the courts are not at liberty to sit in review of their conduct, or decide upon its wisdom or justice. By section 2 of the act above quoted, the legislature determined that it is unjust for a railroad company to charge for carriage for any specific distance a greater sum than it charges for a greater distance, and absolutely prohibited the practice. We are unable to say that we are better qualified to decide upon this matter than were the members of the two houses, or that, if we were so, there is anything in the nature of the judicial office that confers upon the court jurisdiction to revise the legislative judgment. The objection that in particular cases and classes of cases the statute may work injustice is one from which the wisest and most beneficent laws are not exempt, and one which lawmakers necessarily consider in weighing the advantages and disadvantages to the general public of any proposed measure. That is their chief and most important duty, and it is because it is so that it is believed that legislation is most safely entrusted to representative bodies whose members are elected from all classes of the community and from all regions of the state.

It is therefore recommended that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.